# APPENDIX 3F

4009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------

UNITED STATES OF AMERICA,

Plaintiff;

v. CRIMINAL ACTION 92CR68

RICHARD TIPTON, CORY JOHNSON,
JAMES H. ROANE, JR., AND
SANDRA REAVIS,

Defendants.

----------------------------------------

VOLUME XXIII

February 13, 1993
Richmond, Virginia
9:30 a.m.

BEFORE: HONORABLE JAMES R. SPENCER
United States District Judge

APPEARANCES: HOWARD C. VICK, JR., ESQ.
WILLIAM H. PARCELL, III, ESQ.
Office of the United States Attorney;
Counsel for Government;

ROBERT P. GEARY, ESQ.
ERIC D. WHITE, ESQ.
Counsel for Defendant Tipton;
CRAIG S. COOLEY, ESQ.
JOHN F. McGARVEY, ESQ.
Counsel for Defendant Johnson;
DAVID P. BAUGH, ESQ.
ARNOLD R. HENDERSON, V, ESQ.
Counsel for Defendant Roane;
ROBERT J. WAGNER, ESQ.
Counsel for Defendant Reavis.
JEFFREY B. KULL
OFFICIAL COURT REPORTER

4010

P-R-O-C-E-E-D-I-N-G-S

THE CLERK: Case Number 92CV68: United States of America versus Richard Tipton, Cory Johnson

and James H. Roane, Jr., the twenty-third day of trial. Are counsel ready to proceed?

MR. PARCELL: The government is ready.

MR. GEARY: Defendant Tipton is ready.

MR. COOLEY: Defendant Johnson is ready, Your Honor.

MR. BAUGH: Defendant Roane is ready, Your Honor.

THE COURT: All right. Bring in the jury.

(The jury entered the courtroom.)

All right. The Court is once again in session and you all will now be released to continue your deliberations. Everyone remain seated while the jury leaves the courtroom.)

(The jury left the courtroom.)

You can remove the defendants.

(The defendants were removed from the courtroom.)

I'd like for counsel either to remain nearby or give the Clerk a number where you can be reached on short notice. We will be in recess until the jury's call.

4011

(Recess taken from 9:40 a.m. to 12:40 p.m.)

THE COURT: All right, I got a note from the jury, and it reads as follows: "Instruction Number 7, Factor Number 1," that's the heading of the note. And the question is: "Are we to apply "intentionally killed" in the strictest sense of the word as literally committing the act?" It is signed by the Foreperson.

All right, if I can understand what they are saying, I'm going to ask them, it seems to me they have some question about whether the person has to be the triggerman or the person who actually did the stabbing or whatever. As far as I'm concerned, as I explained to them before, "intentionally" means the same thing it meant in the first phase. They have already made a finding to that effect. So there you have it.

MR. BAUGH: If I might, Your Honor, I believe in the first one, although you also threw in an aid and abet, there is a question of whether aid and abet applies in these factors.

THE COURT: Well, Mr. Baugh, it wouldn't make a bit of sense to me that a person can be convicted of a capital offense on an aiding and abetting theory, and then not be eligible for the

4012

death penalty. I mean, to follow your logic, that's what it would mean.

MR. BAUGH: However, if you follow the logic that the four are lesser includeds, like the next one down is "intentionally engaged in conduct

which," then that could be. Which I believe was argued by co-counsel yesterday, that those were lesser includeds.

THE COURT: I'm going to talk to them and deal with them as I have indicated. All of your objections are on the record in that regard. Bring in the jury.

(The jury entered the courtroom.)

All right, ladies and gentlemen, I received a question from you Regarding Instruction Number 7, Factor Number 1, the question being, "Are we to apply intentionally killed in the strictest sense of the word as literally committing the act?"

I take that to mean that you all are trying to find out whether "intentionally killed" means that the person has to be the triggerman or the person who actually did the stabbing.

All right, let me see if I can explain to you in this way: First of all, in the merits phase of the case I gave you an instruction explaining each

4013

capital offense. And there are three elements. The second element was that "While the defendant was so engaged the defendant either intentionally killed or counseled, commanded, induced, procured, or caused the intentional killing of the individual victim named in a particular count." By finding them guilty, you all have found an intentional killing of the victims.

Now, when you come to the statutory factors in the first category, 1, 2, 3, and 4, basically those statutory factors outline different theories as to how a defendant could be held guilty as a principal in a capital murder. For example, you have Factor Number 3: "That the defendant intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim which resulted in the death of the victim."

Now, one could have a situation where an individual engaged in conduct intending that the victim be killed, and that lethal force be employed, and that the victim subsequently was killed. And that would be enough for that person to be found guilty of a capital offense if it was in furtherance of a Continuing Criminal Enterprise. That person could then go on, proceed from that point, and be

4014

involved in the actual stabbing and shooting. So that person, you could say, the defendant intentionally killed the victim, was hands-on involved in the killing. That person also, you could say, intentionally be engaged in conduct intending the victim to be killed. Conversely, a person could be involved in conduct intending that the victim be

killed, and which leads to the victim being killed, thus making him culpable, guilty, as you have found them. But that person may not -- you may not find intentionally killed the victim or satisfied one of the other two prongs. But by your finding of guilty against these defendants, you have found that they have intentionally killed the victim, either as a principal or an aider and abettor. And one, two, three, or four would cover the various theories that would get you to that intentional killing.

Does that help any?

(Affirmative response.)

All right. You all may be excused to commence your deliberations again.

(The jury left the courtroom.)

MR. BAUGH: We would object, Your Honor.

THE COURT: Of course you do.

MR. WHITE: Same here.

4015

MR. BAUGH: We stridently object.

THE COURT: Again, of course you do.

MR. WHITE: If the Court please, before we leave, Judge, what I am understanding the Court to say is that N1, the four separate factors in N1 are essentially different theories of liability that can be coexistent for purposes of making --

THE COURT: They can be individual or coexistent. The fact of the matter is, if they make a finding based on all of the instructions that I have given them, and this appears right in here, that you have already done this. I am comfortable with that instruction.

MR. WHITE: Just for the record, Judge, the specifics of our objection are that we read N1 as a differentiation. In other words, there seems to be some Congressional intent to differentiate, and that would be consistent with the Supreme Court line of cases talking about a narrowing function.

THE COURT: Yes, and I understand you, and I disagree. These are not lesser included of or any kind of narrowing. These are different theories of acknowledged culpable responsibility for capital murder. All right. We will await the jury's call.

(Recess taken from 12:50 p.m. to 5:35 p.m.)

4016

THE COURT: Mr. Vick?

MR. VICK: Your Honor, I just assumed we were here probably to send the jury home, and I wanted to suggest that perhaps in light of the fact that the jury is sequestered and we have been at this for five weeks now, perhaps we should follow their wishes and let them deliberate as long as they wish to.

THE COURT: No, sir. I'm not going to

require them to deliberate tomorrow. We will start again on Monday morning. Bring in the jury.

(The jury entered the courtroom.)

All right. Ladies and gentlemen, it has been a long day, and you all have been deliberating for some time. And I've decided to stop you now and we will again go with the Marshals. You will not be deliberating on tomorrow. You are still going to be sequestered and in the custody of the Marshals, but you will not be deliberating. You will not commence, continue your deliberations until Monday morning at 9:30. On tomorrow, if any of you have any religious requests, anything of that nature, let the Marshals know and it will be taken care of. We will see you on Monday morning at 9:30 a.m. Everyone remain seated while the jury leaves the courtroom.

4017

(The jury left the courtroom.)

All right, Mr. Marshal, you may remove the defendants.

(The defendants were removed from the courtroom.)

We will be in adjournment until Monday morning at 9:30.

(Proceedings adjourned at 5:40 p.m.)

4018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------

UNITED STATES OF AMERICA,

Plaintiff;

v. CRIMINAL ACTION 92CR68

RICHARD TIPTON, CORY JOHNSON,
JAMES H. ROANE, JR., AND
SANDRA REAVIS,

Defendants.

----------------------------------------

VOLUME XXIV

February 15, 1993
Richmond, Virginia
9:30 a.m.

BEFORE: HONORABLE JAMES R. SPENCER
United States District Judge

APPEARANCES: HOWARD C. VICK, JR., ESQ.
WILLIAM H. PARCELL, III, ESQ.
Office of the United States Attorney;
Counsel for Government;

ROBERT P. GEARY, ESQ.
ERIC D. WHITE, ESQ.
Counsel for Defendant Tipton;
CRAIG S. COOLEY, ESQ.
JOHN F. McGARVEY, ESQ.
Counsel for Defendant Johnson;
DAVID P. BAUGH, ESQ.
ARNOLD R. HENDERSON, V, ESQ.
Counsel for Defendant Roane;
ROBERT J. WAGNER, ESQ.
Counsel for Defendant Reavis.

JEFFREY B. KULL
OFFICIAL COURT REPORTER

4019

P-R-O-C-E-E-D-I-N-G-S

THE CLERK: 92CR68: United States of America versus Richard Tipton, Cory Johnson, and

James H. Roane, Jr., the twenty-fourth day of trial. Are counsel ready to proceed?

MR. VICK: The government is ready.

MR. GEARY: Defendant Tipton is ready.

MR. COOLEY: Defendant Johnson is ready.

MR. BAUGH: Defendant Roane is ready, Your Honor.

THE COURT: All right. Let's bring in the jury, please.

(The jury entered the courtroom.)

All right. The Court is once again in session and the jury may commence its deliberations again. Everyone remain seated while the jury leaves the courtroom.

(The jury left the courtroom.)

All right, Mr. Marshal, you may remove the defendants.

(The defendants were removed from the courtroom.)

All right. We inquired of the jury whether it was comfortable in the jury room and they have indicated that it is. So they are all right.

4020

(Recess taken from 9:39 a.m. to 5:25 p.m.)

THE COURT: Bring in the jury, please.

(The jury entered the courtroom.)

All right. We are going to stop here. It is 5:30 or thereabouts. And we will have you come back in tomorrow at 9:30 to start your deliberations again. Remember all of my previous admonitions. They continue. Abide by them. Do not discuss the matter with anyone outside the jury and do not deliberate outside of the Court being called in session. We will see you tomorrow morning at 9:30 a.m. Everyone remain seated while the jury leaves the courtroom.

(The jury left the courtroom.)

Mr. Marshal, you can remove the defendants.

(The defendants were removed from the courtroom.)

All right. We will be in adjournment until 9:30 tomorrow morning.

(Proceedings adjourned at 5:30 p.m.)

4021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------

UNITED STATES OF AMERICA,

Plaintiff;

v. CRIMINAL ACTION
92CR68

RICHARD TIPTON, CORY JOHNSON,
JAMES H. ROANE, JR., AND
SANDRA REAVIS,
Defendants.

----------------------------------------

VOLUME XXV

February 16, 1993
Richmond, Virginia
9:30 a.m.

BEFORE: HONORABLE JAMES R. SPENCER
United States District Judge

APPEARANCES: HOWARD C. VICK, JR., ESQ.
WILLIAM H. PARCELL, III, ESQ.
Office of the United States Attorney;
Counsel for Government;

ROBERT P. GEARY, ESQ.
ERIC D. WHITE, ESQ.
Counsel for Defendant Tipton;
CRAIG S. COOLEY, ESQ.
JOHN F. McGARVEY, ESQ.
Counsel for Defendant Johnson;
DAVID P. BAUGH, ESQ.
ARNOLD R. HENDERSON, V, ESQ.
Counsel for Defendant Roane;
ROBERT J. WAGNER, ESQ.
Counsel for Defendant Reavis.
JEFFREY B. KULL
OFFICIAL COURT REPORTER

4022

P-R-O-C-E-E-D-I-N-G-S

THE CLERK: Criminal Action Number 92CR68: United States of America versus Richard Tipton, Cory

Johnson, and James H. Roane, Jr., the twenty-fifth day of trial. Are counsel ready to proceed?

MR. VICK: The government is ready to proceed.

MR. GEARY: Defendant Tipton is ready.

MR. McGARVEY: Defendant Johnson is ready, Your Honor.

MR. BAUGH: Defendant Roane is ready, Your Honor.

THE COURT: All right. Bring in the jury, please.

(The jury entered the courtroom.)

All right. The Court is once again in session, and the jury may continue its deliberations. Everyone remain seated while the jury leaves the courtroom.)

(The jury left the courtroom.)

Mr. Marshal, you may remove the defendants.

(The defendants were removed from the courtroom.)

(Recess taken from 9:35 a.m. to 1:30 p.m.)

THE COURT: All right. I am informed the

4023

jury has reached a decision. Bring in the jury, please.

(The jury entered the courtroom.)

All right. Will the Foreperson please rise? I understand that you all have reached a decision?

THE FOREPERSON: Yes, we have.

(Document proffered to Court and Clerk for publication.)

(Court perusing document.)

All right. I've reviewed the findings. The special findings are in order. The Clerk will read the decision forms. The special findings will be available to counsel after the decisions have been indicated.

THE CLERK: Ladies and gentlemen of the jury, these are your verdicts: If the defendant Tipton will please stand.

(The defendant stood.)

Criminal Action Number 92CR68-01: United States of America versus Richard Tipton, also known as "Whitey." As to the crime of killing Douglas A. Talley while engaged in or in furtherance of a Continuing Criminal Enterprise, we the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites

4024

for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently

outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Richard Tipton shall be sentenced to death for this capitol crime. Signed by the Foreperson, Margaret Griffiths, 2-13-93.

As to the crime of killing Bobby Long while engaged in or in furtherance of a Continuing Criminal Enterprise: D. We the jury, having considered and evaluated the evidence presented in light of the instructions of the Court, are not unanimously persuaded that a death sentence should be imposed for this capital crime. We therefore return a decision that Richard Tipton not be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-13-93.

As to the crime of killing Anthony Carter while engaged in or in furtherance of a Continuing Criminal Enterprise: D. We the jury, having considered and evaluated the evidence presented in light of the instructions of the Court, are not unanimously

4025

persuaded that a death sentence should be imposed for this capital crime. We therefore return a decision that Richard Tipton not be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, 2-13-93.

As to the killing of Dorothy Mae Armstrong while engaged in or in furtherance of a Continuing Criminal Enterprise: D. We the jury, having considered and evaluated the evidence presented in light of the instructions of the Court, are not unanimously persuaded that a death sentence should be imposed for this capital crime. We therefore return a decision that Richard Tipton not be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-13-93.

As to the crime of killing Curtis Thorne while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any

4026

mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Richard Tipton shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-13-93.

As to the crime of killing Linwood Chiles while engaged in or in furtherance of a Continuing Criminal

Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Richard Tipton shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-13-93.

The certificate has been executed by the jurors and will be on file with the Court.

(The defendant resumed his seat.)

If defendant Cory Johnson will please stand.

(The defendant stood.)

4027

Criminal Case Number 3:92CR68-02: United States of America versus Cory Johnson, also known as "O," also known as "C.O." As to the crime of killing Peyton Maurice Johnson while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Louis J. Johnson, Jr. while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further

4028

find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Bobby Long while

engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Anthony Carter while engaged in or in furtherance of a Continuing Criminal



Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Dorothy Mae Armstrong while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote



unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Curtis Thorne while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the

aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

As to the crime of killing Linwood Chiles while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find

4031

unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to this crime and this defendant sufficiently outweigh any mitigating factors and are themselves so serious that justice mandates a sentence of death. We vote unanimously that Cory Johnson shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-15-93.

The certificate has been completed and will be on file with the Court.

You may be seated.

(The defendant resumed his seat.)

If defendant Roane will please stand.

(The defendant stood.)

Criminal Case Number 3:92CR68-03: United States of America versus James H. Roane, Jr., also known as "J.R." As to the crime of killing Douglas Moody while engaged in or in furtherance of a Continuing Criminal Enterprise: B. We the jury unanimously find beyond a reasonable doubt that the aggravating factors required by law as prerequisites for the imposition of capital punishment have been proven by the government as to this capital crime. We further find unanimously and beyond a reasonable doubt that the aggravating factors proven in this case as to

4032

this crime and this defendant sufficiently outweigh any mitigating factors, and are themselves so serious that justice mandates a sentence of death. We vote unanimously that James H. Roane, Jr. shall be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-16-93.

As to the crime of killing Peyton Maurice Johnson while engaged in or in furtherance of a Continuing Criminal Enterprise: D. We the jury, having considered and evaluated the evidence presented in light of the instructions of the Court, are not unanimously persuaded that a death sentence should be imposed for this capital crime. We

therefore return a decision that James H. Roane, Jr. not be sentenced to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-16-93.

As to the crime of killing Louis J. Johnson, Jr. while engaged in or in furtherance of a Continuing Criminal Enterprise: D. We the jury, having considered and evaluated the evidence presented in light of the instructions of the Court, are not unanimously persuaded that a death sentence should be imposed for this capital crime. We therefore return a decision that James H. Roane, Jr. not be sentenced

4033

to death for this capital crime. Signed by the Foreperson, Margaret Griffiths, dated 2-16-93.

The certificate has been completed and will be on file with the Court.

You may be seated.

(The defendant resumed his seat.)

Ladies and gentlemen of the jury, are these your verdicts?

(Affirmative response.)

THE CLERK: Do counsel wish the jury polled?

MR. WHITE: On behalf of defendant Tipton, yes, sir.

THE CLERK: Ladies and gentlemen of the jury, if these are your verdicts, as I call your name, please respond by answering yes:

Victor M. Catlett.

JUROR CATLETT: Yes.

John E. Coleman, Sr.

JUROR COLEMAN: Yes.

Edward Cooke.

JUROR COOKE: Yes.

Debra J. Dabney.

JUROR DABNEY: Yes.

Nina S. Eike.

4034

JUROR EIKE: Yes.

Bonita S. Faircloth.

JUROR FAIRCLOTH: Yes.

Margaret M. Griffiths.

JUROR GRIFFITHS: Yes.

Charles V. Guthrie, Sr.

JUROR GUTHRIE: Yes.

Jerome Harrison.

JUROR HARRISON: Yes.

Connie E. Harvey.

JUROR HARVEY: Yes.

Francis P. Hodson.

JUROR HODSON: Yes.

Thomas C. Jackson.

JUROR JACKSON: Yes.

THE COURT: All right. Ladies and gentlemen, before I release you, I just want to make some comment on your efforts that you put out over the course of the last few weeks. You carried out your awesome responsibility with diligence, intelligence, and courage. And I don't think in all of my 20 years as a lawyer, as a defense lawyer, a prosecutor, and a Judge, that I have seen a jury that was more attentive. I must say, if I could paraphrase the hymn: If I had a thousand tongues, I

4035

would be unable to adequately express our gratitude. All I can say is thank you very much.

You all may be excused.

(The jury left the courtroom.)

What about May 18th?

MR. VICK: That's fine with the government, Your Honor.

MR. BAUGH: That's fine, Your Honor.

MR. GEARY: That's fine.

THE COURT: Hearing no objection, we will set it for 9 o'clock.

(Sentencing Documents proffered to counsel and defendants and executed.)

MR. BAUGH: May we approach?

(Conference held off the record at the request of Mr. Baugh.)

(Sentencing Documents proffered to Court.)

All right. The matters of United States versus Richard Tipton, James H. Roane, Jr., and Cory Johnson have been set for sentencing to commence at 9 o'clock a.m. on May 18th, 1993. We will be in adjournment.

Mr. Marshal, remove the defendants, and everybody stand in place while they do.

(The defendants were removed from the courtroom.)

4036

Court stands adjourned.

(Proceedings adjourned at 2:10 p.m.)

CERTIFICATE OF REPORTER

I, Jeffrey B. Kull, CP, RPR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

______________________________

JEFFREY B. KULL, CP, RPR

______________________________

DATE