IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In re: CORY JOHNSON | ) | |
| | ) | No. 16-13 |
| Movant | ) | |
| | ) | |

## United States' Response to Application for Successive § 2255

Defendant Corey Johnson seeks leave to file a successive habeas petition under 28 U.S.C. § 2255, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015), to challenge his convictions under 18 U.S.C. § 924(c).  On May 19, 2016, he sought permission from this Court to file a successive § 2255 under *Johnson* in no. 16-4, and after this Court requested and received a response from the United States, this Court denied him authorization for leave to file a successive § 2255 on June 6, 2016.  Dkt. no. 10. Then, on June 20, 2016, defendant filed the same motion again, while citing additional cases to support his same arguments.

One threshold question is whether a defendant's serial filing of the same application for a successive § 2255 is permitted, and it should not be.  *See In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003) (defendant's "recycled" claims from previous application for successive habeas petition were barred under 28 U.S.C. § 2244(b)(1)).  Section 2244(b)(1) provides, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  Of course, § 2244(b)(1) refers to "§ 2254 petitions,"

1

and this Court has not squarely held whether § 2244(b)(1) also controls successive

§ 2255 applications. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing

Sixth and Seventh Circuit precedent applying § 2244(b)(1) to successive § 2255s but

declining to decide issue). But the case for applying § 2241(b)(1) to § 2255s has

considerably strengthened since *Winestock* left the issue open, with courts of appeals

repeatedly invoking § 2241(b)(1) in § 2255 litigation. *See, e.g., United States v. Lee*, 792

F.3d 1021, 1023 (8th Cir. 2015); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir.

2014); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Liddell*, 722 F.3d

737, 738 (6th Cir. 2013) (per curiam); *Gallagher v. United States*, 711 F.3d 315, 315 (2d

Cir. 2013) (per curiam).

Moreover, defendant's approach would create an improper evasion of the

statutory bar in 28 U.S.C. § 2244(b)(3)(E) on rehearing for denial of an application

and would constitute an improper abuse of the writ of habeas corpus. Under

defendant's approach, although the government could not seek further review of a

ruling *granting* authorization to file a successive § 2255, a defendant who was *denied*

permission to file a successive § 2255 could simply refile the application multiple

times, updating his arguments with each new filing. *Cf. Magwood v. Patterson*, 561 U.S.

320, 337-38 (2010) (discussing relationship between AEDPA standards and pre-

AEDPA abuse-of-writ standards); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (citing

*McCleskey v. Zant*, 499 U.S. 467 (1991), and noting abuse AEDPA standards are "well

within the compass of this evolutionary process" for the doctrine of abuse of the writ).

But regardless of § 2244(b)(1)'s procedural bar to defendant's refiled application, defendant's application still plainly fails on its own right. Defendant's application runs straight into the problem—among others—that his § 924(c) convictions have separate drug-trafficking predicates within the meaning of § 924(c)(2) supporting each of his § 924(c) convictions. In *Johnson*, the Supreme Court invalidated as unconstitutionally vague the residual clause of the Armed Career Criminal Act's definition of a violent felony. But § 924(c)(2)'s definition of "drug trafficking crime" does not even arguably resemble the ACCA's residual clause.

Defendant's first application ignored both § 924(c)(2)'s standard and that his § 924(c) convictions are supported by drug-trafficking predicates. The United States pointed out this flaw in defendant's argument in the government's response, and this Court denied defendant's application. In his second application, filed in no. 16-13, defendant again ignores that he has separate drug-trafficking predicates within the meaning of § 924(c)(2) supporting each of his § 924(c) convictions. These drug-trafficking predicates preclude authorization. Indeed, the drug-trafficking predicates show that his claim should be denied *even under the principal new authority that he now cites.*

This Court recently concluded that a defendant whose § 924(c) count was based on federal bank robbery could not obtain authorization for a successive § 2255 under *Johnson* to challenge that § 924(c) count because "federal armed bank robbery is

3

a crime of violence . . . under the 'force clause' of 18 U.S.C. § 924(c)(3)(A)," and hence "the holding of *Johnson* is inapplicable." *In re Hubbard*, ---F.3d---, 2016 WL 3181417, *2 (4th Cir. June 8, 2016) (citing *United States v. McNeal*, 818 F.3d 141, 151-57 (4th Cir. 2016)). This conclusion applies *a fortiori* to a § 924(c) conviction based on a drug-trafficking predicate. *Johnson* does not open the door to successive § 2255s invoking *Johnson* to challenge § 924(c) convictions based on drug-trafficking predicates, for *Johnson* has nothing to do with classifying drug-trafficking crimes. Even on direct appeal, this Court has rejected challenges to § 924(c) convictions based on *Johnson* when the § 924(c) conviction was supported by a drug-trafficking predicate. *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016).

A defendant seeking permission to file a successive § 2255 must show that "it appears reasonably likely that the motion satisfies the stringent requirements for the filing of a second or successive petition." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citations and internal brackets omitted). But even under the prima-facie standard, this Court will not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F3d 267, 271 (4th Cir. 2014) (rejecting that defendant satisfied prima facie showing for successive § 2255 when claim was barred by statute of limitations). Although defendant appears to believe that *In re Hubbard* rejects this point—an issue discussed in greater detail below—*Hubbard* in fact concluded that the defendant's challenge in that case *to his § 924(c) conviction* did not pass muster, even at the stage of a prima facie showing, because *Johnson* could not

provide a basis for relief. *Hubbard* could not, and did not seek to, overrule earlier circuit precedent, such as *Vassell*.

In the government's view, defendant's claim fails for additional reasons as well. Although *Hubbard* itself precludes authorization in this case, very recent published precedent from other circuits further supports the government's view that, even at the prima facie stage, the standards for obtaining leave to file a successive § 2255 under *Johnson* and § 2255(h)(2) are not readily satisfied.

Moreover, regardless of the view a court takes of § 2255(h)(2) and *Johnson* at the prima facie stage, defendant's claim fails to satisfy the statute of limitations in § 2255(f)(3)—a defense that may be considered at this stage under *In re Vassell*. Each of these points is discussed below.

## I.

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings. Their convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And their challenges to their convictions and death sentences were also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), *cert. denied*, 546 U.S. 810 (2005). Defendants remain today subject to valid death sentences.

Defendant's criminal conduct was exceptionally serious—even for homicide defendants. As this Court noted in defendant's direct appeal, the jury convicted him

"of all seven of the capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 869. Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), eleven counts of committing acts of violence (including the seven killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), five counts of using a firearm in relation to a crime of violence or drug trafficking offense (18 U.S.C. § 924(c)), and two counts of possession of cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 869-70.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's five convictions under § 924(c) each had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses. Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* |
|---|---|---|
| Count 9 | Jan. 14, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 8 (21 U.S.C. § 848(e)(1)(A))<br>Count 10 (18 U.S.C. § 1959) |
| Count 12 | Jan. 29, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 11 (21 U.S.C. § 848(e)(1)(A))<br>Count 13 (18 U.S.C. § 1959) |
| Count 15 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 14 (18 U.S.C. § 1959)<br>Count 16 (18 U.S.C. § 1959) |
| Count 20 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Counts 17-19 (21 U.S.C. § 848(e)(1)(A))<br>Counts 21-23 (18 U.S.C. § 1959) |

6

Count 26            Feb. 19, 1992          Count 1 (21 U.S.C. § 846)
                                           Counts 24-25 (21 U.S.C. § 848(e)(1)(A))
                                           Counts 27-30 (18 U.S.C. § 1959)

In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c)—counts 9, 12, 15, 20, and 26. Defendant did not receive a death sentence on those counts, and he fails to show that the existence of the § 924(c) counts—as opposed to the facts supporting those counts—affected the death sentence imposed for his convictions under § 848.

## II.

### 1.     *Defendant's § 924(c) counts are supported by valid drug-trafficking predicates not even arguably affected by* **Johnson.**

Defendant's application for a successive § 2255 should be denied because defendant still has valid *drug-trafficking* predicates for each of his § 924(c) convictions. The indictment charged the drug-trafficking predicates for the § 924(c) counts; the jury instructions identified both crimes of violence *and drug-trafficking offenses* as predicates for the § 924(c) counts, trial tr. at 3222-23; and he was found guilty of the relevant drug-trafficking predicates.

Critically, both count 1, charging a violation of 21 U.S.C. § 846, and counts 8, 11, 17-19 , and 24-25, charging violations of 21 U.S.C. § 848(e)(1)(A), qualify as drug-trafficking offenses. Section 924(c)(2) defines a "drug-trafficking crime" for § 924(c). Section 924(c)(2) provides, "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.). . . ." Defendant's predicate offenses under 21 U.S.C.

§ 848(e)(1)(A) satisfy § 924(c)(2) because § 848(e) is a felony punishable under the Controlled Substances Act. *Cf. United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007) (applying analogous reasoning that § 924(c) may count as a felony drug offense under § 841(b)(1)(B)). In short, defendant's § 924(c) convictions in counts 9, 12, 20, and 26 are all supported by convictions under § 848(e)(1)(A), as charged in counts 8, 11, 17, 18, 19, 24, and 25 of the indictment.

Defendant's § 924(c) conviction in count 15 is also supported by a predicate offense charged in count 1, a violation of 21 U.S.C. § 846. Section 846 is, of course, another violation of the Controlled Substances Act and hence counts as a drug-trafficking crime. Although this Court held in defendant's direct appeal that count 1 merged with another drug-trafficking offense, count 2, charging a violation of § 848, *see Tipton*, 90 F.3d at 891, that merger offers defendant no relief. Both § 846 charged in count 1 and § 848 charged in count 2 are drug-trafficking offenses, and regardless, a separate § 846 conviction need not stand as a separate offense to sustain the § 924(c) conviction. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (affirming § 924(c) conviction where charged predicate was assault with a weapon under 18 U.S.C. § 111(b), even though jury convicted only on lesser included offense of § 111(a), assault without a weapon).

As noted above, even on direct appeal, this Court has rejected challenges to § 924(c) convictions based on *Johnson* when the § 924(c) conviction was supported by a drug-trafficking predicate offense. *Hare*, 820 F.3d at 105-06. And each of

defendant's five § 924(c) convictions included a separate drug-trafficking offense

listed in the indictment as predicates for each respective § 924(c), and the jury found

defendant guilty of those drug-trafficking offenses.  Specifically, defendant was

convicted of the drug-trafficking crimes charged under 21 U.S.C. § 846 and

§ 848(e)(1)(A) in counts 1, 8, 11, 17, 18, 19, 24, and 25.  This point alone terminates

defendant's argument that he should be permitted to file a successive § 2255.  This

Court will not "authorize a successive § 2255 motion that is plainly barred as a matter

of law."  *In re Vassell*, 751 F.3d at 271.  To the extent defendant quarrels with the jury

instructions, first, under this Court's precedent, the classification of an offense as a

crime of violence or drug-trafficking crime is for the court, not the jury, *United States v.*

*Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991), and second, a successive § 2255 cannot

be authorized for an alleged error in jury instructions.

> ### 2.    *The prima facie standard for receiving permission to file a successive § 2255 permits a court to deny permission when Johnson has no application to the case and indeed should be viewed as placing even more stringent limits.*

In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that

*Johnson*'s invalidation of the residual clause of the Armed Career Criminal Act is

retroactive in ACCA cases.  In the months after *Welch* was decided, the federal courts

of appeals have differed on how they have applied *Welch* and *Johnson* when a

defendant files an application with a court of appeals for permission to file a

successive § 2255.  One starting point, however, is that all circuits agree that a ruling

from a court of appeals *granting* permission to file a successive § 2255 does not

conclusively resolve the merits of any issue presented by the successive § 2255. This Court of course agrees. "[T]he 'showing of possible merit'" required to satisfy the prima-facie standard "relates to the possibility that the claims in a successive application will satisfy 'the stringent requirements for the filing of a second successive petition,' not the possibility that the claims will ultimately warrant a decision in favor of the applicant." *In re Williams*, 330 F.3d at 282. But as discussed below, the standard of "possible merit" does not collapse the standards for a successive § 2255 so that those standards are effectively equivalent to evaluating whether it is "possible" that a defendant could have prevailed if the defendant were on direct appeal with a *Johnson* claim.

Relatedly, the standard for an application to file a successive § 2255 is not so low that no merits determination may be made at all. No circuit appears to have concluded that it is impossible, at the prima facie stage, to evaluate whether *Johnson* could afford relief in a defendant's case. The standard is not that permissive. As the Eighth Circuit explained yesterday, "A movant surely cannot be authorized to pursue a claim unrelated to the new rule simply by citing *Johnson* and *Welch* and claiming that his motion 'contains' a new rule." *Donnell v. United States*, ---F.3d---, 2016 WL 3383831, *1 (8th Cir. June 20, 2016). Similarly, although the Supreme Court has placed limits under the Eighth Amendment on punishment for juveniles and has made certain Eighth Amendment rules retroactive, *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), that does not mean a defendant who was 40 years old at the time of his

10

crime can receive authorization for a successive § 2255 by citing *Montgomery* in his application. This Court's opinions in *Vassell*, and *Hubbard* establish that this Court has not interpreted the prima-facie standard to permit authorization of such applications—or of a challenge like defendant's where § 924(c) convictions are supported by valid drug-trafficking predicates. *See also In re Thomas*, ---F.3d---, 2016 WL 3000325, *3 (11th Cir. May 25, 2016) (denying application for successive § 2255 motion challenging ACCA sentence where defendant's sentence was supported by prior convictions that did not depend on the ACCA's residual clause).

Once it is established as evidently common ground among the circuits—and certainly in this Circuit—that (a) a ruling finding that the prima facie standard was met is not an ultimate determination of the merits, but (b) a court at the prima facie stage may determine whether the defendant's claim under the new rule has "possible merit" and could potentially apply to the defendant's case, there remain the questions of what—in addition—must be shown at the prima facie stage under § 2255(h)(2) and how those standards apply to claims under *Johnson*. Again, an application for a successive § 2255 is not the equivalent of a determination that a defendant's claim could have possible merit in a direct appeal. And on direct appeal, a division of authority on an issue in other circuits and a lack of precedent in this circuit *bars* relief for unpreserved claims that seek to extend *Johnson* to new topics. *See, e.g., United States v. Graham*, ---F.3d---, 2016 WL 3068018, *1 n.1 (4th Cir. May 31, 2016) (en banc). *Cf. United States v. Frady*, 456 U.S. 152, 166 (1982) ("We reaffirm the well-settled principle

that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

On how an application for permission to file a successive § 2255 differs from determination of possible merit on direct appeal, the circuits have differed, although none of the difference ultimately help defendant.

The most recent published opinion on this topic is the Eighth Circuit's opinion in *Donnell*, which accords with the government's reading of authorization for a successive § 2255. In *Donnell*, the defendant sought to challenge his guideline sentence under *Johnson* in an application for a successive § 2255. The Eighth Circuit noted two hurdles to the defendant receiving authorization: First, "Whether an advisory sentencing guideline is susceptible to a vagueness challenge is an open question in this circuit." *Donnell*, 2016 WL 3383831 at *1. But that barred a successive petition because "the post-conviction court must announce a second new rule that extends *Johnson* to the sentencing guidelines," something the Supreme Court had not itself done in expanding the substantive right created by *Johnson*. *Id.* Second, the newly extended application of *Johnson* to the guidelines must be made retroactive by the Supreme Court, but again, that may not be done by a lower court in a successive § 2255. "Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." *Id.* at *3.

Last Friday, in two published opinions, the Fifth Circuit agreed with the approach taken by the Eighth Circuit on extending *Johnson* to both § 924(c) and the guidelines. *In re Fields*, ---F.3d---, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (denying application for successive § 2255 challenging § 924(c) conviction); *In re Arnick*, ---F.3d---, 2016 WL 3383487 (5th Cir. June 17, 2016) (per curiam) (decision after circulation to all active judges in circuit). As *Arnick* explained, "federal courts of appeals disagree on whether *Johnson* applies to the Guidelines, demonstrating that the Supreme Court has not decided the question." *Id.* (citations omitted). "Further, even if *Johnson* does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Id.* Again, this reading of successive applications matches the government's reading of the applicable statutes.

Like the Fifth and Eighth Circuits, the Eleventh Circuit has denied applications for successive § 2255s challenging guideline sentences in published opinions. *In re Griffin*, ---F.3d---, 2016 WL 3002293, *5 (11th Cir. May 25, 2016) (per curiam) (denying application to file successive § 2255 that sought to extend *Johnson* to sentence imposed under mandatory guidelines and concluding extension was barred in successive habeas petition even apart from circuit precedent rejecting vagueness challenges to guidelines). But, parting ways from the approach of the Fifth and Eighth Circuits, the Eleventh Circuit has authorized successive § 2255s challenging § 924(c) convictions that may have been based on the crime of violence definition in

13

§ 924(c)(3)(B), *In re Pinder*, ---F.3d---, 2016 WL 3081954 (11th Cir. June 1, 2016), although the Eleventh Circuit has declined to authorize successive § 2255 petitions challenging § 924(c) convictions where the predicate offense satisfies § 924(c)(3)(A), such as a substantive offense of Hobbs Act robbery, *In re Fleur*, ---F.3d---, 2016 WL 3190539 (11th Cir. June 8, 2016) (per curiam).

Meanwhile, following this Court's approach in *Hubbard* toward authorizing a successive petition challenging a guideline challenge, the Tenth Circuit has issued a published opinion authorizing a successive § 2255 challenging a guideline sentence under *Johnson*. *In re Encinias*, ---F.3d---, 2016 WL 1719323 (10th Cir. Apr. 29, 2016). Other circuits have both denied and authorized successive § 2255s under *Johnson* in unpublished orders, as this Court has as well.

Also worth noting is that two petitions for writs of certiorari have been pending in the Supreme Court challenging denials of relief in first § 2255s for guideline challenges under *Johnson*—with one case originating from the Eleventh Circuit, *Travis Beckles v. United States*, no. 15-8544, and one from the Third Circuit, *Alfrederick Jones v. United States*, no. 15-8629. In both cases, Federal Defenders have requested that the Supreme Court summarily reverse in light of *Johnson* and *Welch*, arguing that such a ruling would open the door to all § 2255s challenging the guidelines by June 26, 2016. On June 8, 2016, Beckles and Jones notified the Supreme Court of this Court's ruling in *Hubbard*.

14

But even though the Supreme Court scheduled the *Beckles* and *Jones* petitions for the June 2, June 9, June 16, and now June 23 conferences, the Court has not summarily reversed at this point and appears unlikely to act on the petitions before next week and June 27, 2016.  Briefs and the dockets for those cases are available here: http://www.scotusblog.com/case-files/cases/beckles-v-united-states/ and here: http://www.scotusblog.com/case-files/cases/jones-v-united-states-3/  Any outcome of those petitions other than a prompt summary reversal before next week undercuts the idea that the Supreme Court has, itself, already decided that *Johnson* applies to the guidelines *and* is retroactive in guidelines cases.  Why would the Court deny certiorari, precluding relief for a defendant, or fail to grant, vacate, and remand in light of *Welch*, or fail even to act on a certiorari petition by the date posited as the relevant statute of limitations for an issue that the Court had already decided?

And this last point leads back to two critical questions that these successive § 2255 applications raise and that lie at the heart of the published circuit opinions just reviewed above.  First, which court must decide whether *Johnson*'s vagueness rule extends outside the context of the ACCA's residual clause?  The Supreme Court or a lower court?  Second, which court must decide whether a particular extension of *Johnson* is retroactive?  Again, the Supreme Court or a lower court?  As to the latter retroactivity question, this Court has concluded in line with Supreme Court precedent that the Supreme Court itself must be the one that makes the retroactivity determination.  A successive § 2255 requires, as relevant here, that a defendant be

15

entitled to relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This standard is satisfied "only when the Supreme Court declares the collateral availability of the rule in question." *United States v. Thomas*, 627 F.3d 534, 536 n.1 (4th Cir. 2010) (quoting *In re Vial*, 115 F.3d 1192, 1197 (4th Cir. 1997) (en banc); citing *Tyler v. Cain*, 533 U.S. 656, 662 (2001)).

This Court's opinion in *Hubbard* concluded—at the prima facie stage—that the Supreme Court in *Welch* already decided the retroactivity question of *Johnson* in the guidelines context, even though neither *Johnson* nor *Welch* discussed the guidelines, and even though other circuits now disagree on that question. Although this pleading is not the place to develop the government's arguments on the retroactivity question in detail, the United States respectfully disagrees with *Hubbard*'s prima facie determination of that question and was unable to seek further review because an authorization to file a successive petition "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(2)(E).

But there is a separate question not squarely addressed by *Hubbard*. This Court does not appear to have resolved whether § 2255(h)(2) requires that the Supreme Court itself must also be the Court that extends substantively a right into a new area—an issue distinct from the retroactivity question. Notably, though, this Court has held that § 2255(f)(3), which provide the applicable statute of limitations in this case, does expressly require that the *Supreme Court* be the Court extending a new

16

substantive right.  Further underscoring that point, this Court has held that § 2255(f)(3)—unlike § 2255(h)(2)—does *not* require that the Supreme Court decide the retroactivity of the new right.  Thus, this Court has held "that § 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court." *Thomas*, 627 F.3d at 536.  Given that § 2255(f)(3) expressly refers twice to the Supreme Court recognizing a right, and that § 2255(f)(3) is *not* referring to the retroactivity determination, as this Court held in *Thomas*, it follows that § 2255(f)(3) does require the Supreme Court must make the determination of extending a right to a new area.  And the plain language of § 2255(f)(3) itself makes clear that the Supreme Court must be the Court that recognizes the new right being asserted.  Section 2255(f)(3) runs the one-year statute of limitations from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  As the Supreme Court has observed, under § 2255(f)(3), when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert *that right* will have one year from [the Supreme Court's] decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (emphasis added).

True, § 2255(f)(3) refers to when the Supreme Court "initially" recognized the right, but the role of that language is to prevent defendants from keeping the statute of limitations endlessly open just because later Supreme Court opinions repeat a right

already recognized in a particular context in an earlier opinion. This Court's opinion in *Vassell* illustrates that principle in the context of Eighth Amendment challenges to juvenile sentences. But in keeping with the limitations described above, this Court has explained, "Section 2255(f)(3) does not authorize [the court] to read between the lines of a prior opinion to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012).

Here, defendant cannot show that the Supreme Court itself has extended *Johnson* to 924(c)(3)(B), and hence the defendant's challenge to his long-final conviction cannot fit under § 2255(f)(3). If the Supreme Court itself had already decided *Johnson*'s application to § 924(c)(3)(B), this Court sitting *en banc* in *Graham* could not have denied under plain error a defendant's *Johnson* challenge to a § 924(c) conviction. *See also United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015) (declining to decide § 924(c)(3)(B)'s constitutionality and observing that in *Johnson* "the Supreme Court held unconstitutionally vague the version of the residual clause set forth in 18 U.S.C. § 924(e)(2)(B), but the Court had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B)."). Recently, the Supreme Court discussed 18 U.S.C. § 16, which has similar wording as § 924(c), and did not treat half of that statute, § 16(b), as unconstitutionally vague. *Torres v. Lynch*, 136 S. Ct. 1619, 1629-30 (2016). The dissent in *Torres* likewise did not raise any question about § 16(b)'s validity. *Id.* at 1637 & n.1. Likewise, the only court of appeals to apply

18

*Johnson* to § 924(c) has rejected the challenge to the statute, *United States v. Taylor*, 814 F.3d 340, 378 (6th Cir. 2016). And the Fifth Circuit recently heard en banc argument on § 16(b)'s constitutionality after granting rehearing in *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016). *Cf. Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same), *gov. cert. petition filed*, no. 15-1498 (June 10, 2016). Further, the Supreme Court has not summarily granted, vacated, and reversed any petitions raising a challenge to Section 924(c)(3)(B), which suggests that the Court does not believe that it has already resolved the applicability of *Johnson*'s logic to § 924(c)(3)(B).

As this Court's opinion in *Vassell* illustrates, a statute of limitations defense may be considered at the prima facie stage, and here, as a matter of law, defendant is foreclosed by § 2255(f)(3). And as the Eighth Circuit recently concluded, "Section 2255(h)(2) should be construed *in pari material* with § 2255(f)(3). *Donnell*, 2016 WL 3383831 at *2.

The limitations on successive § 2255s that the government described above work together to produce a sensible, rational system. When the Supreme Court has specifically recognized a right and itself made that right retroactive, it is comparatively much easier for courts of appeals to apply that newly recognized retroactive right in successive petitions—including by dealing with old cases—within the 30-day clock for ruling on such motions. The volume of affected cases is more manageable too by virtue of the targeted application of precedent. And by the same token, when the statutory scheme described by the government is followed, a premature filing that fails

to fit under the limitations under § 2255(h)(2) and § 2255(f)(3) should not be deemed under § 2244(b)(1) to preclude a later filing for a successive § 2255 *if the Supreme Court later recognizes a new, retroactive extension of a constitutional claim.* Hernandez v. United States, 226 F.3d 839, 841 (7th Cir. 2000).

The course this Court is taking instead is far less supported by the statutory language and is less workable and fair. Defendants who are not challenging ACCA sentences and fail to come up with and pursue extensions of *Johnson* by next week will presumably barred in the future by the statute of limitations, even if the Supreme Court later recognizes those extensions. Meanwhile, district courts will be left to rule on an array of unsettled extensions of *Johnson* under § 2255(h)(2) and § 2255(f)(3) when the more orderly process of waiting for controlling Supreme Court precedent could have been followed, which would reduce the expenditure of judicial resources and guarantee far greater uniformity and fairness in outcomes. Also, if this Court's approach is consistently applied, § 2244(b)(1) should apply more broadly. And there will be great disparities with other circuits. In short, the government respectfully disagrees with this Court's reading of the standards controlling successive § 2255s. But for this present case, under both the government's view of § 2255(h) and § 2255(f)(3), and this Court's view of those statutes, this defendant's application must be denied as unauthorized. Because of space and time constraints, the government will not repeat here its additional arguments that murder under 18 U.S.C. § 1959 remains a proper predicate under § 924(c)(3)(A).

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    _____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

## Certificate of Service

I certify that on June 21, 2016, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov

21